IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEONARD JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:11-CV-0803-D |
| VS. | § | |
| | § | |
| HERZOG TRANSIT SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

The motion for summary judgment of defendant Herzog Transit Services, Inc. ("Herzog") is granted, and this action by plaintiff Leonard Johnson ("Johnson") is dismissed with prejudice by judgment filed today.[*]

I

Johnson sues Herzog for race discrimination and retaliation under 42 U.S.C. § 1981 and for violating the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. On October 12, 2012 Herzog filed the instant motion for summary judgment. At the time, Johnson was represented by counsel. Eventually, the court granted Johnson's counsel leave to withdraw. In an order filed December 19, 2012, the court set Johnson's summary judgment response deadline as January 7, 2013. The court explained:

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

> To ensure that the procedure followed in deciding Herzog's motion is fair to Johnson, the court extends until January 7, 2013 the deadline for Johnson to file his response to the summary judgment motion. The court advises Johnson that he is not excused from filing a response on the basis that he is now proceeding *pro se* (that is, representing himself). And his failure to file a response could result in granting Herzog's motion for summary judgment and dismissing Johnson's lawsuit with prejudice.

Dec. 19, 2012 Order 1-2. Johnson has not responded to Herzog's motion for summary judgment.

II

Because Herzog will not have the burden of proof at trial on Johnson's claims, it can meet its summary judgment obligation by pointing the court to the absence of evidence to support the claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In its brief, Herzog points to the absence of evidence to support each claim. *See, e.g.,* D. Br. 13, 19, 21, and 22. Because Herzog has done so, Johnson must go beyond his pleadings and designate specific facts showing that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in Johnson's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). His failure to produce proof as to any essential element renders all other facts immaterial. See *Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if Johnson fails to meet this burden. *Little*, 37 F.3d at 1076.

As noted, Johnson has not responded to Herzog's motion. His failure to respond does not, of course, permit the court to enter a "default" summary judgment. The court is permitted, however, to accept defendant's evidence as undisputed. *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.). Moreover, Johnson's failure to respond means that he has not designated specific facts showing that there is a genuine issue for trial on any of his claims.

"A summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). The fact that Johnson is now litigating this case *pro se* does not alter this rule. As the court stated in *Bookman*:

> There is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention. It is not unjustifiably onerous to require *pro se* parties to respond to proper motions for summary judgment. All summary judgment nonmovants shoulder the same obligation. District courts can make appropriate allowances for *pro se* responses that may be somewhat less-artfully written than those of represented parties. This can be accomplished, however, without excusing them from the most basic requirement that they file a response.

*Id.* at 1005. Additionally, in its December 19, 2012 order, the court explicitly cautioned Johnson of the consequences of his failure to respond to Herzog's motion.

Herzog has pointed to the absence of evidence to support each of Johnson's claims. Johnson has not adduced evidence that would permit a reasonable jury to find in his favor on any claim. Herzog is therefore entitled to summary judgment.

\* \* \*

Accordingly, Herzog's October 12, 2012 motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED**.

January 15, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE